# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

CHRISTOPHER GENE MOYER,      )
                              )
       Petitioner,           )
                              )
vs.                           )  Case No. 10-CV-543-JHP-PJC
                              )
ANITA TRAMMELL,               )
                              )
       Respondent.           )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner filed a response to the motion (Dkt. # 9). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss should be granted and the petition should be dismissed with prejudice as time barred.

### *BACKGROUND*

Petitioner was charged in Ottawa County District Court, Case No. CF-2003-447C, with Possession of Marijuana in the Presence of a Child (Count 1), Possession of Controlled Dangerous Substance Within 2000 Feet of School or Park (Count 2), Delivery of Controlled Dangerous Substance Within 2000 Feet of Park or School (Count 4), Possession of Controlled Dangerous Substance without Affixing Tax Stamp (Count 5), and Unlawful Possession of Drug Paraphernalia (Count 6). On January 30, 2004, after being accepted into the drug court, he entered pleas of guilty, and executed a drug court plea agreement and performance contract as to Counts 1, 2, 4, and 5. As a result, sentencing was delayed for three years, or until January 30, 2007, unless Petitioner

graduated or was terminated from the drug court program prior to that date. On July 15, 2005, the court sustained the State's motion to revoke and Petitioner was removed from drug court. In accordance with the plea agreement, Petitioner was sentenced that day to two (2) years imprisonment plus fines and costs on each of Counts 1 and 2, twenty (20) years imprisonment plus fines and costs on Count 4, and five (5) years imprisonment plus fines and costs on Count 5, with the sentences to be served concurrently.

Petitioner appealed the revocation from drug court to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed September 15, 2006, in Case No. F-2005-691, the OCCA affirmed the state district court's order of termination from drug court. See Dkt. # 6, Ex. 1. Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On May 13, 2009, Petitioner filed an application for post-conviction relief. See www1.odcr.com. By order filed June 26, 2009, the state district court granted post-conviction relief as to Count 2 and reversed and dismissed Petitioner's conviction on that count. See Dkt. # 6, Ex. 2. Post-conviction relief was denied as to Petitioner's remaining claims. Id. Petitioner filed a post-conviction appeal at the OCCA. On September 8, 2009, in Case No. PC-2009-674, the OCCA affirmed the state district court's order granting in part and denying in part Petitioner's application for post-conviction relief. See Dkt. # 6, Ex. 3.

On August 23, 2010, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner raises claims challenging both the validity of his guilty pleas and the termination of his participation in drug court.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Although Petitioner pled guilty on January 30, 2004, he was not sentenced until July 15, 2005, when his participation in drug court was terminated. The OCCA concluded direct review of Petitioner's judgment and sentence on September 15, 2006. Therefore, Petitioner's convictions became final

on December 14, 2006, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). His one-year limitations clock began to run on December 15, 2006, see Harris v. Dinwiddie, --- F.3d ---, 2011 WL 1591814, *6 n.6 (10th Cir. 2011), and he had one year, or until Monday,[1] December 17, 2007, to file a timely petition for writ of habeas corpus. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not received for filing until August 23, 2010. Unless Petitioner is entitled to tolling of the limitations period, his petition is untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period. Petitioner's application for post-conviction relief was not filed until May 13, 2009, or approximately seventeen (17) months after the December 17, 2007, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period under § 2244(d).

In response to the motion to dismiss (Dkt. # 9), Petitioner argues, in large part, the merits of his habeas claims. He also alleges that he is "functionally illiterate," that time in his facility's law

---

[1]December 15, 2007, fell on a Saturday. Therefore, under Fed. R. Civ. 6(a), Petitioner had until Monday, December 17, 2007, to file a timely petition for writ of habeas corpus.

library has been limited due to lockdowns, and that the state district court judge abused his discretion in terminating his participation in drug court. Id. First, the Court cannot consider the merits of Petitioner's habeas claims unless he overcomes the limitations bar. The Court has determined above that Petitioner is not entitled to statutory tolling under § 2244(d)(2). Therefore, Petitioner must demonstrate entitlement to equitable tolling in order for the Court to consider the merits of his claims.

Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. The Court recognizes that Petitioner appears *pro se* and avers that he is unfamiliar with the law. See Dkt. # 9. However, Petitioner's conclusory statement concerning his lack of functional literacy is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law,

5

even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978. Furthermore, Petitioner's reference to prison lockdowns does not qualify as an extraordinary event entitling Petitioner to equitable tolling. Petitioner fails to provide specific dates for the lockdowns and, as a result, his vague allegations do not justify equitable tolling. Id. (noting that petitioner "has provided no specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims").

To the extent Petitioner claims to be actually innocent of the incidents resulting in his termination from drug court, see Dkt. # 9, the Court finds he has not made the showing necessary to qualify for equitable tolling. The Tenth Circuit has held that where "a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay." Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010). Rather, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." Id. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. In this case, Petitioner provides no new evidence supporting his claim of actual innocence. For that reason, his claim of actual innocence does not entitle him to equitable tolling.

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. He is not entitled to statutory or equitable tolling of the limitations period. Respondent's

6

motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

## Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling resulting in the dismissal of this action as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A separate Judgment shall be entered in this matter.

4. A certificate of appealability is **denied**.

DATED THIS __5th__ day of August, 2011.

James H. Payne
United States District Judge
Northern District of Oklahoma